[In Bank—July 30, 1883.]

P. J. STOCKMAN ET AL., APPELLANTS, v. RIVERSIDE LAND & IRRIGATING COMPANY ET AL., RESPONDENTS.

64 57
82 532

64 57
113 160

TITLE — ESTOPPEL IN PAIS — FINDING. — A finding that a water ditch, the title to which was involved in the contest, was completed by defendants more than five years before the commencement of the action, at heavy cost, and used for purposes of irrigation, with the knowledge of plaintiffs and their grantors, and without any objection or opposition thereto on their part, and with the active assistance of divers of the plaintiffs, does not authorize the conclusion of law that the defendants are the owners of the property. The facts that a ditch was constructed at heavy cost, and was maintained and used for more than five years with the knowledge of the true owner, and without objection on his part, are not sufficient to operate an estoppel *in pais*.

PRACTICE — VERDICT OF JURY MERELY ADVISORY — CONFLICT OF EVIDENCE. — In an equity case the verdict of a jury upon submitted issues is merely advisory to the court. The findings of the court are as conclusive as if no jury had been called, and will not be disturbed on appeal if there is a substantial conflict in the evidence.

ID. — COSTS — PRACTICE. — The decree awarded costs to plaintiffs. *Held*, that they were not estopped from questioning that part of the decree in favor of defendants by the voluntary receipt of the costs; but upon reversal of the judgment the costs so paid must be returned to defendants, with legal interest from the date of the receipt, before the plaintiff is entitled to a new trial.

APPEAL from a judgment of the Superior Court of the county of San Bernardino, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*H. M. Willis*, and *B. B. Harris*, for Appellants.

*Waters & Gibson*, for Respondents.

Ross, J. — Action to quiet title. It appears from the record that "by arrangement of both parties made in open court, six special issues were framed to be presented to a jury then and there impaneled to answer the same by their verdict as advisory to the court." Afterwards the jury returned answers to the issues. The cause was then proceeded with, and after being argued and submitted to the court for decision, the court made and filed findings of fact and conclusions of law; and it is insisted, on behalf of the appellants, that, as the findings of the court upon some of the material issues are contrary to the find-

ings of the jury upon the same issues, this court should, notwithstanding a substantial conflict of evidence upon those issues, proceed to weigh the evidence, and decide whether it preponderates in favor of the findings of the court or of the jury. To this we cannot assent. The findings of fact by the court are as conclusive here as they would be if no jury had been impaneled in the case. The question for us is, whether there is sufficient evidence to sustain the findings of the court upon the material issues; and a substantial conflict in the evidence upon such issues is sufficient to sustain a finding either way upon them. It has often been held here that the verdict of a jury in an equity case is but advisory to the court, and in this case it appears to have been the understanding between the parties that it was to be regarded in that light only.

The findings of the court below upon the issues are, with one exception next to be noticed, full, and, in our opinion, sustained by the evidence. We would, therefore, affirm the judgment and order, but for the fact that the defendant in its answer set up ownership in itself of a certain water ditch, referred to in the record as the "upper ditch or canal," together with the right of way therefor through that portion of the land described in the complaint, which is found and adjudged to be the property of the plaintiffs. On the issue made as to this question, the court below found that the ditch in question was completed in 1871 (more than five years before the commencement of this action), at heavy cost, and that it "was constructed, maintained, and used, including a strip fifteen feet wide on each side of the center line thereof . . . . for the purposes of irrigation . . . . with the knowledge of the plaintiffs and their grantors, and without any objection or opposition thereto on their part, and with the active assistance of divers of said plaintiffs." With this finding as its basis, the court below adjudged "that the defendants are the owners of and entitled to the possession of and the right to maintain the upper canal of the Riverside Land and Irrigation Company, and to use a strip of land fifteen feet wide on each side of the center of said canal therefor."

The finding did not determine the ultimate fact in issue, and is not sufficient to sustain that part of the decree above quoted. The learned judge who tried the cause and rendered the decree

was of the opinion that the facts found in respect to the ditch constituted an estoppel *in pais;* but in this he was in error. The plaintiffs are many in number, and the finding that the ditch was constructed, maintained, and used "with the active assistance of divers" of them, is obviously too indefinite to apply to any particular one or more of the plaintiffs, and it does not purport to include them all. It must therefore be laid out of consideration. The only facts therefore left on which the defendant must rely as constituting an estoppel are, that the canal cost about fifteen thousand dollars, and that it was constructed, maintained and used, including a strip of land on each side of it, for the purpose of conducting water for irrigation, with the knowledge of the plaintiffs and their grantors, and without any objection or opposition thereto on their part.

We have been cited to no authority, and know of none that holds, that the bare fact that the ditch was constructed with the knowledge of the plaintiffs and their grantors, and without objection on their part, though at heavy cost, is sufficient to operate an estoppel. "There must be some degree of turpitude in the conduct of a party before a court of equity will estop him from the assertion of his title—the effect of the estoppel being to forfeit his property, and transfer its enjoyment to another." (*Biddle Boggs* v. *Merced Mining Co.* 14 Cal. 368.)

For the error committed in the particular last mentioned the judgment and order must be reversed.

The point made for the respondent, to the effect that appellants are estopped from questioning the correctness of the judgment because of the voluntary receipt of the costs awarded them by the judgment, is not well taken. The costs are but an incident of the relief given the plaintiffs, the receipt of which does not come within the rule invoked by respondent. As, however, we find it necessary to reverse the judgment by virtue of which they received the costs, it is but right that the amount of costs so received, to wit, $2,337.32, with legal interest from the date of the receipt, be returned to respondent, to the end that the *status quo* be restored. The power of this court thus to order is expressly given by section 957 of the Code of Civil Procedure.

It is therefore here adjudged that the judgment and order of the court below be reversed, and the cause remanded for a new

trial—such new trial, however, not to be had, without the consent of the defendant, until the plaintiffs shall have refunded to defendant the costs with interest, as aforesaid. And it is further here adjudged, that upon the going down of the remittitur from this court, the court below enter an order, to the effect that the plaintiffs pay defendant the amount of said costs and interest.

THORNTON, J., SHARPSTEIN, J., MYRICK, J., McKEE, J., and McKINSTRY, J., concurred.