## RICHARD STEELE, RESPONDENT, *v.* TOBIAS S. BOLEY, AND ANOTHER, APPELLANTS.

ADVERSE POSSESSION.—PATENT.—FINAL PAYMENT.—The statute of limitations begins to run againt the patentee of public lands from the United States from the date of the issuance of the patent, and not from the date of final payment for the land;. overruling *Steele* v. *Boley,* 6 Utah, 308, 22 Pac. Rep. 311.

PRACTICE.—EJECTMENT.—EQUITABLE DEFENSE.—Where in an action of ejectment an equitable defense is interposed with a legal defense, the equitable defense should first be disposed of.

APPEAL from an order of the district court of the first district granting a new trial. The opinion states the facts.

*Mr. George Sutherland* and *Mr. Samuel R. Thurman,.* for the appellants.

*Mr. A. Saxey,* for the respondent.

ANDERSON, J.:

This is an action at law by the plaintiff for the recovery of twenty acres of land situated in Utah county, in this Territory, of which he is the patentee. The defendants plead adverse possession of the land for more than seven years prior to the commencement of the action as a defense, and, as an equitable defense and cross-complaint, the defendants aver that in 1876 the plaintiff purchased of one C. W. Wilson his possessory right to 160 acres of public land, of which the twenty acres in controversy are a part, with the intention of entering the same under the land laws of the United States, and agreed with said Wilson, in consideration of his relin-

quishing to plaintiff his claim on the land, that as soon as he should acquire a patent to the 160 acres from the government he would convey to Wilson or his grantee or successor in interest the twenty acres in controversy; that immediately thereafter Wilson sold his interest in the twenty acres to the defendants, with the knowledge and consent of plaintiff, who advised them to buy the land, and that they might safely purchase the twenty acres and rely on his promise to convey to them; that they took immediate possession of the land, and have occupied and cultivated it ever since, and claimed to own it, and that such possession and occupancy was with the knowledge and consent of plaintiff, who has always recognized their right to the land until he began this suit; that plaintiff made his final proof at the United States land-office, paid the purchase price, and received a certificate of purchase for the land in 1880, and a patent in 1886, but that ever since then he has refused, and still refuses, to convey the twenty acres to defendants. Defendants ask that plaintiff be adjudged to convey the twenty-acre tract to them, and that he be enjoined from the further prosecution of this action, and for general relief. The case was tried to a jury upon the sole question of the adverse possession of the defendants, and a verdict was returned in their favor, and judgment rendered accordingly, no action being taken by the court in reference to defendants' cross-complaint. The plaintiff moved the court to set aside the verdict, and for a new trial, which was granted, and the defendants bring this appeal from the order granting a new trial.

On a former appeal in this case, from an order of the district court sustaining a demurrer to the defendants' answer, it was held by this court that the statute of limitations would run against the holder of a certificate

of purchase from the government, and, before the issuance of a patent, in favor of one who is in possession of the land covered by the certificate, and holding adversely to him, from the date of such certificate. *Steele* v. *Boley*, 6 Utah, 308, 22 Pac. Rep. 311. There are numerous decisions to this effect in the State courts. See cases cited by HENDERSON, J., in the former opinion in this case. An examination of those cases will disclose the fact that all, or nearly all of them, are based on statutes which provide that such a certificate is proof of title equivalent to a patent against all but the holder of an actual patent, and the holder, therefore, of such a certificate might maintain ejectment in the State courts of those States against one who had taken wrongful possession of the land described in the certificate, and, if he neglected to do so, the statute would run against him, and in favor of the one in possession. But since the former decision in this court the Supreme Court of the United States has held that, while the title to public land is still in the United States, no adverse possession of it can, under a State statute of limitations, confer a title which will prevail in an action of ejectment in the courts of the United States against the legal title under a patent from the United States. *Redfield* v. *Parks*, 132 U. S. 239, 10 Sup. Ct. Rep. 83. In that case the court say: "It cannot be conceded that State legislation can in that manner imperil the rights of the United States, or overcome the general principle that it is not amenable to the statute of limitations or the doctrine of laches." Again the court say: "The plaintiff could not sue or recover in the courts of the United States upon the equitable title evinced by his certificate of purchase made by the register of the land-office. His title, therefore, being derived from the United States, the right of

action at law to oust the defendant did not commence until the making of the patent." The decisions of that court are of binding authority upon this court, and, under the authority of *Redfield* v. *Parks, supra,* we must hold that the district court erred in admitting evidence of adverse possession by defendants prior to the issuing of the patent to plaintiff, and in instructing the jury to find for defendants if they found the defendants had held continuous, open, and adverse possession of the premises in controversy for seven years before this action was begun by plaintiff.

Under our system of practice equitable defenses may be interposed in an action of ejectment, and, if the answer contain all the essential averments of a bill in equity, affirmative relief may be granted thereon. The equitable issues should first be passed upon by the court, for upon such determination as to the relief claimed by a defendant will the necessity of proceeding with the action at law depend. In this case the trial of the legal defense to a jury ignoring the equitable defense and cross-complaint was irregular, but, as no objection was made to this mode of procedure in the court below, nor raised in this court, we do not take the irregularity into consideration in determining this appeal, and only call attention to it for the purpose of settling the practice and securing uniformity in this respect. If the defendants can establish by proper proofs a valid, equitable right to the premises, they should have an opportunity afforded them to do so. The order of the district court granting a new trial is affirmed.

ZANE, C. J., and HENDERSON, J., concurred.