[No. 1406.]

SOUTH END MINING COMPANY, A CORPORATION, PLAINTIFF AND RESPONDENT, v. CHARLES TINNEY, M. GLAVINICH AND FANNIE LEHIGH, DEFENDANTS AND APPELLANTS.

1—MINING GROUND, TITLE BY PATENT, STATUTE OF LIMITATIONS.—
The statute of limitations does not begin to run against a person entitled to the legal title to mining ground until the patent is issued to him.

2—SAME—VARIANCE—WHEN IMMATERIAL.—Where the answer sets up an adverse holding of the premises by defendants for more than two years before the commencement of the action on March 30, 1892, a patent from the United States, issued to the plaintiff February 7, 1891—within two years of the commencement of the action—is admissible in evidence upon this issue, although the complaint alleges that plaintiff's ownership began March 29, 1888.

APPEAL from District Court, Lyon county; *Richard Rising,* District Judge.

The facts are sufficiently stated in the opinion.

*Robert M. Clarke* and *E. D. Knight,* for Appellants:

This is an action of ejectment to recover Comet mine. The action was commenced March 30, 1892; the complaint alleges "that said plaintiff is now, and ever since the 29th day of March, 1888, has been the owner in fee simple" of the mining ground in contention. The answer alleges that plaintiff acquired the title in fee as follows: "Defendants admit that said plaintiff purchased the mining ground by metes and bounds, as described in the complaint, from the United States of America on the 29th day of March, 1888, and on that day acquired the legal title to said mining ground from the United States." Among other things, and by way of affirmative relief, the answer alleges the discovery and location by defendants and their grantors of the Phœnix lode and mining claim. The answer also pleads the statute of limitations; also, title by prescription; also, fraud in procuring the title of plaintiff; also, estoppel.

At the trial plaintiff offered its patent from the United States of America for the Comet mine, including the ground in contention. The patent is dated February 7, 1891, nearly three years after the date pleaded. Defendants objected to the introduction of the patent on the ground that the evidence was immaterial, and upon the further ground that it contradicted the averments of the complaint and the admissions of the answer.

It was error to admit the patent in evidence; the patent contradicted the averments of the complaint and admissions of the answer. Evidence was not admissible to controvert facts admitted by the pleadings. (*Patterson* v. *Sharp,* 41 Cal. 133; *Hall* v. *Pollack,* 42 Cal. 219–225; *Colvin* v. *Repli-*

*can Vl. Assn.*, 8 Am. St. 114; *Hirschfeld* v. *Williamson*, 18 Nev. 66–71.)

Evidence offered must correspond with the allegations. (Greenleaf on Evidence, sec. 51.)

It was error to deny defendant's offer of proof to support the plea of the statute of limitations, because the complaint alleging title in fee of date March 29, 1888, and the answer admitting this averment, the patent of plaintiff was immaterial, the complaint was conclusive, and it was competent for defendants to prove themselves in possession under claim of title and plaintiff out of possession during the statutory time. (Gen. Stats., sec. 3632; *Brown* v. *Warren*, 16 Nev. 234; *Gibson* v. *Choulton*, 13 Wall. 92–102; *Treadway* v. *Wilder*, 12 Nev. 114.)

Defendant's peaceable adverse possession for two years after final entry made raises the presumption of a grant from plaintiff to defendants of such estate, title and interest as it had when the adverse possession began. (Gen. Stats., secs. 3632, 3635, 3638; 3 Saw. 634; Angell on Watercourses, secs. 201, 202–214; Goddard on Easements, pp. 111, 112; Gould on Waters, secs. 329, 330; *420 Mg. Co.* v. *Bullion Mg. Co.*, 9 Nev. 240, 249; 32 Cal. 27; 58 Cal. 73, 291; 2 Nev. 189.)

When an injury is done or a right invaded, prescription begins to run. (Washburn on Easements, 308, 309, par. 49; 17 Conn. 288; 6 Ex. 363.)

Prescription is a presumption of a grant once made and lost. (Angell on Watercourses, secs. 200, 201, note 6.)

The patent to plaintiff does not carry the Phœnix lode, because the apex thereof is more than 300 feet from the middle of the Comet lode, and because said Phœnix lode is north of the legal northerly end line of said Comet lode and location. (Rev. Stats. U. S., sec. 2320; Wade's Am. Mg. Law, pp. 14, 194; *Thompson* v. *Spray*, 72 Cal. 533; 114 U. S. 576; *Davis* v. *Wiebbold*, 11 Sup. Ct. Rep. 635–636; *Last Chance Mg. Co.* v. *Tyler Mg. Co.*, 61 Fed. 557; *Larkin* v. *Roberts*, 54 Fed. 461; *Larkin* v. *Dally*, 53 Fed. 333; *Watervale Mg. Co.* v. *Leach*, 33 Pac. 418; *Tyler Mg. Co.* v. *Sweeney*, 54 Fed. 284; 54 Fed. 262.)

Defendants should have been permitted to make proof of plaintiff's fraud as charged by them. (*Cooper* v. *Roberts*, 59 U. S. 18 How. 173; *St. Louis S. & R. Co.* v. *Kemp*, 104 U. S. 636;

*U. S.* v. *Chapman,* 5 Saw. 528; *Stoddard* v. *Chambers,* 2 How.
285; *Morton* v. *Nebraska,* 21 Wall. 660; *Sherman* v. *Bruick,*
93 U. S. 216; *Patterson* v. *Tatum,* 3 Saw. 173; *Patterson* v..
*Winn,* 11 Wheaton, 380; 19 Am. & Eng. Ency. of Law, pp.
345, 346, citation and notes; *Craig* v. *Leitensdorfer,* 123 U. S.
209, 212; *Rose* v. *Richmond,* 17 Nev. 25, 60, 64; 75 Cal. 194;
82 Cal. 104; 96 U. S. 535; 98 U. S. 64-66; 83 Cal. 101, 539;
104 U. S. 636; 56 Cal. 277; 87 Cal. 371; 4 Saw. 336; 85 Cal.
448; *State* v. *Lewis,* 43 Am. Dec. 540; *U. S.* v. *Culver,* 52 Fed.
81; *La Mont* v. *Stinson,* 62 Am. Dec. 696; *Shepley et al.* v.
*Cowan et al.,* 91 U. S. 300; *Moore* v. *Robins,* 96 U. S. 530;
*Johnson* v. *Towsley,* 80 U. S. 72; *Hermocilla* v. *Hubbell,* 26 Pac.
611; Hermann on Est., p. 1062, *et seq.,* and citations, see.
1063; *Walker* v. *Flint,* 3 McCreary, 507; *Smelting Co.* v.
*Greem,* 13 Fed. 208, 211, 212; *Smith* v. *Townsend,* 29 Pac. 82.)

*W. E. F. Deal,* for Respondent:

This is the second appeal in this case. Upon the former
appeal this court held in effect that there was but one issue
of fact made by the pleadings upon which evidence could
be received. (*South End Mg. Co.* v. *Tinney et al.,* 22 Nev.
19-71, *ante.*)

The complaint alleged that the plaintiff, ever since the
29th day of March, 1888, has been the owner in fee simple of
the premises in dispute. The defendants in their amended
answer admitted the allegation, but alleged that more than
two years had elapsed prior to the commencement of this
action since the plaintiff was seized or possessed of the
Phœnix claim, and that plaintiff's action is barred by the
statute of limitations. Plaintiff introduced in evidence its
patent from the United States for the premises in dispute;
the patent is dated and tested February 7, 1891, and recites
that the land was sold to plaintiff by the United States, and
final payment made therefor on the 29th day of March, 1888.
It was admitted on the trial that this action was commenced
on the 2d day of March, 1892, less than thirteen months after
the patent was issued. The proof made was in accordance
with the averments of the complaint that the plaintiff was
the owner in fee simple of the premises on March 29, 1888.

After the sale of the land and payment therefor, the
United States held the legal title to the land in trust for

plaintiff, but plaintiff, from the time of payment, was the owner in fee simple. (*Treadway* v. *Wilder*, 12 Nev. 113; *Brown* v. *Warren*, 16 Nev. 235; *Biffenbach* v. *Hawks*, 115 U. S. 405; *Witherspoon* v. *Duncan*, 4 Wall. 218.)

The statute of limitation does not commence to run until the issuance of the patent. (*Gibson* v. *Chouteau*, 13 Wall. 93; *Henshaw* v. *Bissell*, 18 Wall. 255; *Matthews* v. *Ferrea*, 45 Cal. 51; *VanSickle* v. *Haines*, 7 Nev. 249; *U. M. & M. Co.* v. *Dangberg*, 2 Saw. 451; *Treadway* v. *Wilder*, 12 Nev. 114; *Brown* v. *Warren*, 16 Nev. 234; *U. S.* v. *Thompson*, 98 U. S. 490; *Smith's Administrator* v. *De La Gaiza*, 15 Tex. 150; 65 Am. Dec. 151; Cal. Index Digest, p. 518; 18 Cal. 434; 20 Cal. 225; 24 Cal. 289; 26 Cal. 24; 27 Cal. 58; 29 Cal. 581; 30 Cal. 233; 46 Cal. 347, 656; 47 Cal. 570, 588; 48 Cal. 406; 49 Cal. 12; 50 Cal. 465; 51 Cal. 165; 54 Cal. 3, 7; 55 Cal. 94; 57 Cal. 412; 59 Cal. 100; 60 Cal. 98; 63 Cal. 9, 305; 65 Cal. 441; 66 Cal. 301, 302.)

The district court did not err in rejecting the evidence offered by the defendants. (*South End Mg. Co.* v. *Tinney et al.*, 22 Nev., *ante.*)

By the Court, Murphy, C. J.:

This case came before this court on appeal from an order of the district court sustaining a demurrer to the answer. The judgment was reversed, and cause remanded. (22 Nev. 91.) Upon the trial in the court below, the plaintiff prevailed, and the defendants appeal.

The appellants contend that the court erred in permitting the plaintiff to introduce its patent in evidence over their objection, because the same was immaterial, and contradicted the averments of the complaint and admissions of the answer. The action was commenced to recover the possession of a mining claim. The complaint alleged that the plaintiff "is now, and ever since the 29th day of March, 1888, has been, the owner in fee simple of the ground in dispute." The defendants admitted that the plaintiff had purchased the ground in controversy from the government of the United States, but set up as a defense that the patent had been procured by fraud. They also pleaded the statute of limitation and title by prescription, alleging that they and their grantors had been in possession of the premises since January,

1887. On the trial the plaintiff gave in evidence a patent of the United States for the ground in controversy, bearing date of the 7th day of February, 1891. The object of the action of ejectment is the recovery of the possession of real property; and the variance between the date of the alleged seisin and right of possession as set forth in the complaint, to wit, the 29th day of March, 1888, and the date of its patent, February 7, 1891, is immaterial, the latter date being previous to the commencement of the action. (*Yount* v. *Howell,* 14 Cal. 468; *Stark* v. *Barrett,* 15 Cal. 364.)

The appellants contend that the court erred in deciding that the statute of limitations did not commence to run against the plaintiff's cause of action until the issuance of the patent. They argue that the statute was set in motion on the payment of the purchase price of the land, and hence the plaintiff's right of action is barred. A glance at the decided cases by the supreme court of the United States will show that this contention is unsustainable in law.

It has been held by the secretary of the interior and numerous decided cases that, by the mining laws of the United States, three classes of title are created: (1) Title in fee simple; (2) title by possession; (3) the complete equitable title. The first vests in the grantee of the government an indefeasible title, while the second vests a, title in the nature of an easement only. The first, being an absolute grant by purchase and patent without condition, is not defeasible, while the second, being a mere right of possession and enjoyment of profits without purchase and upon conditions, may be defeated at any time by the failure of the party in possession to comply with the condition. The equitable title accrues immediately upon purchase, for the entry entitles the purchaser to a patent. The inquiry then is as to who holds the legal title to the mining ground in question. There can be but one answer to this question, and that answer must be that the title remains in the original owner, the government of the United States, and there remains until it is vested by the government in its grantee. This results from the laws, rules, and regulations for the sale and disposal of the public lands, and is the rule of decisions affirmed by the courts of last resort all over the United States; and they universally hold "that congress has the

sole power to declare the dignity and effect of titles emanating from the United States, and the whole legislation of the government in reference to the public lands declares the patent to be superior and conclusive evidence of the legal title." Until it issues, the fee is in the government, which by the patent passes to the grantee; and until it is issued, the statute of limitations does not run against the legal title.

The judgment and order appealed from are affirmed.

BELKNAP, J.:    I concur.

BIGELOW, J., concurring:

The action of ejectment is based upon the legal title. In this case the answer admitted the legal title to be in the plaintiff, but set up other matters as a defense thereto, among others, the statute of limitations. The burden of proving this defense was of course upon the defendants, and, until some proof thereof was made, the plaintiff had no occasion to offer any evidence whatever. The orderly course of the trial would have been for the plaintiff to have rested the case upon the pleadings. The defendants would then have put in the evidence of their adverse holding, which the plaintiff would have rebutted by proof of its patent title accruing to it within two years of the commencement of the action. Instead of doing this, however, the plaintiff offered its patent in evidence upon the opening, and, over the defendant's objections, it was admitted accordingly. This, of itself, certainly cannot be said to have worked the defendant any injury, as it was simply proving a fact which they did not deny. But, when the defendants came to offer the evidence of their adverse holding, the plaintiff objected to it upon the ground that the patent issued within two years of the commencement of the action was conclusive of this issue. The objection was sustained, and the evidence excluded. If this was the effect of the patent, it is evident that again no substantial injury was done the defendants, even though the evidence of their adverse holding should properly have been admitted, for it could be of no benefit to them to introduce evidence which would be nullified by the introduction of the patent. That the patent had this effect seems at the present time to be beyond question. The statute could not begin to

run until the patent issued from the United States. (*Tread-way* v. *Wilder*, 12 Nev. 108; *Redfield* v. *Parks*, 132 U. S. 239; *Steele* v. *Boley*, 7 Utah, 64.)

The variance between the date of the patent and that of the beginning of the plaintiff's ownership, as alleged in the complaint, is immaterial. The issue was now upon the statute of limitations, and any evidence which would conclusively rebut that was certainly admissible. The patent did this, and the fact that it bore a date subsequent to the alleged beginning of the plantiff's ownership neither made it better nor worse. No error affecting the substantial merits of the case is shown upon this appeal, and I therefore concur in affirming the judgment.