TOLTEC RANCH COMPANY, a Corporation, Appellant, v. GEORGE COOK, S. N. COOK, ALFRED WARD, GEORGE WARD, G. J. WELLS, C. F. WELLS, JOSEPH DUDLEY and CHARLES DUDLEY, Respondents.

### No. 1358.   (67 Pac. 1123).

**Action to Quiet Title: Trial: Procedure: Jury.**

Where, in an action to quiet title and enjoin defendants, the court, treating the case as having both legal and equitable issues, proceeded with a jury, stating that if it appeared that the case was equitable, only, the jury might be considered as merely advisory, and the jury found a verdict for each defendant as to each parcel of land, and, under instructions, brought in a special verdict, in which special separate findings were made as to each defendant, all of which were in harmony with the general verdict and judgment, there was no such irregularity as would warrant a reversal.[1]

(Decided March 18, 1902.)

Appeal from the First District Court, Box Elder County.— *Hon. C. H. Hart,* Judge.

Action to quiet title against several defendants having several interests in different pieces of land. From a judgment in favor of the defendants, the plaintiff appealed.

AFFIRMED.

*T. D. Johnson, Esq.,* and *Messrs. Chase & Chase* for appellant.

[1]Smith v. Richardson, 2 Utah 424, 426; Steele v. Boley, 7 Utah 64, 24 Pac. 755; Park v. Wilkinson, 21 Utah 279, 60 Pac. 945.

*Ricy H. Jones, Esq.*, and *B. H. Jones, Esq.*, for respondents.

MINER, C. J.—This action was brought to quiet title against several defendants having several interests in different pieces of land. The plaintiff prays for an injunction. The court treated the case as having both legal and equitable issues. Under objection, the court proceeded with the trial of the case with a jury, stating that, if it appeared later in the trial that the case was simply an equitable proceeding, the jury might be considered as merely advisory. The jury found a verdict for each defendant as to each parcel of land, and, under instructions, brought in a special verdict, in which separate special findings were made as to each defendant, all of which were in harmony with the general verdict and judgment. The court adopted the verdict and special findings of the jury, and rendered judgment thereon in favor of the several defendants.

We do not discover such irregularity in these proceedings as to warrant a reversal of the case. In the case of Smith v. Richardson, 2 Utah 424, 426, it was held by the territorial court that: "The power to disregard or modify the findings of a jury in a chancery cause is inherent in the court, the object of the verdict being, not to decide the case, but to instruct or advise the conscience of the chancellor. And this rule is not of modern origin, but is hoary with age and plainly laid down and recognized all through the books. 2 Daniell, Ch. Prac., sec. 1147; Adams, Eq., side pages 376, 377; 3 Greenl. Ev., sec. 261, et seq.; Sibert v. McAvoy, 15 Ill. 108; Ward v. Hill, 4 Gray 593; Garsed v. Beall, 92 U. S. 684, 23 L. Ed. 686." Also, Steele v. Boley, 7 Utah 64, 24 Pac. 755; Park v. Wilkinson, 21 Utah 279, 60 Pac. 945; Stockman v. Irrigation Co., 64 Cal. 57, 28 Pac. 116; Comp. Laws Utah 1888, secs. 3128, 3511. With reference to the rule allowing a cause of action to be tried against several defendants having

separate interests, Mr. Pomeroy says: "Fourth. Where the same party, A., has or claims to have some common right against a number of persons, the establishment of which would regularly require a separate action brought by him against each of these persons, or brought by each of them against him, and instead thereof he might procure the whole to be determined in one suit brought by himself against all the adverse claimants as co-defendants." Pom. Eq. Jur., sec. 245.

The next question for consideration is whether the statute of limitations can prevail as a bar to the action when it appears that the patent of the United States government was not issued to the plaintiff until January 20, 1900. It is conceded by both parties, and we are of the opinion, that the decision of this court in Ranch Co. v. Babcock, 24 Utah 183, 66 Pac. 876, is decisive of this question.

The judgment of the district court is affirmed, with costs. It is so ordered.

BASKIN and BARTCH, JJ., concur.