EVELYN B. RYCZKOWSKI AND GEORGE J. BROWN AND EVELYN B. RYCZKOWSKI, CO–TRUSTEES, BROWN TRUST, APPELLANTS, v. CHELSEA TITLE AND GUARANTY COMPANY, A NEW JERSEY CORPORATION, RESPONDENT.

No. 5604

January 15, 1969 449 P.2d 261

*Nada Novakovich,* of Reno, for Appellants.

*Breen and Young,* and *David R. Hoy,* of Reno, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

This is an action for damages by the record owners of land against the title insurance company for its failure to list on the policy of title insurance a recorded easement as an encumbrance upon the owners' title. The controlling issue is whether that recorded easement, granted by a predecessor in interest while the equitable owner of state land and before his acquisition of patent thereto, falls within the coverage of a policy of title insurance written for the present owners who are successors in interest of the patentee. The title insurance policy does not insure against loss or damage by reason of "easements, claims of easement, or encumbrances which are not shown by the public records." Although the easement was physically of record, the district court ruled that since the easement was recorded before the grantor of the easement acquired title to the land by patent, the recorded easement was a "wild" document, not within the chain of title, and excluded from the coverage of the title insurance policy. Accordingly, judgment was entered for the title insurance company. We affirm that ruling on the authority of Snow v. Pioneer Title Insurance Company, 84 Nev. 480, 444 P.2d 125 (1968).

The facts presenting the legal issue are these: In 1946 one J. J. Cleary entered into a land sale contract with the State of Nevada (NRS 321.240) and, in 1952, acquired title from the state by patent (NRS 321.310). The patent contained the land sale contract number in the upper right-hand corner of the document. The land sale contract, however, was not recorded. In 1949, while enjoying his equitable interest in the land, and before acquiring legal title thereto by patent, Cleary granted a power line easement over a portion of the property to the Sierra Pacific Power Company, which document the company caused to be recorded. The easement embraced about 2.1 acres upon which the company placed its poles and power lines. Title to the patented land thereafter passed from Cleary to various persons and finally, in 1964, to the present owners. Title Guaranty (now defunct) was engaged to search the record for

defects in title, and Chelsea Title to insure title to the land. The title search by Title Guaranty stopped with the 1952 recorded patent from the state. Consequently, the 1949 power company easement was not discovered, and was not listed in the title insurance policy issued by Chelsea as an encumbrance upon the owners' title. Hence, this litigation.

Snow v. Pioneer Title Insurance Company, supra, established the rule for Nevada that an instrument executed by an owner which is recorded before acquisition or after relinquishment of title is outside the chain of title.[1] Consequently, the title searcher is not liable for its failure to discover such an instrument, and the title insurer is not liable since such an instrument falls within the exclusion of the insurance policy of "easements, liens or encumbrances not shown by the public records." We there noted that such rule is preferred in the states which use the grantor-grantee indexing system, and is justified by the practical considerations which attend title record searching.

The 1952 patent from the state to Cleary was the original source of title and the first link in the chain of title for the purposes of title searching. Thompson, Abstracts and Titles, 2d ed., §§ 817, 125.[2] A patent is the first instrument by which title passes from the sovereign to an individual. NRS 321.300; South End Mining Co. v. Tinney, 22 Nev. 221, 38 P. 401 (1894); Stimson Land Co. v. Rawson, 62 F. 426 (Wash. Cir. 1894). Accordingly, the power company easement which was executed and recorded before the issuance of patent by the state was a "wild" document, not within the chain of title, and not "shown by the public records." Snow v. Pioneer Title Insurance Company, supra.

Since Snow v. Pioneer Title Insurance Company, supra, is dispositive of this case, we do not consider other arguments

---

[1]The chain of title is constituted by conveyances made by successive holders of the record title but made by them while respectively holders thereof. Philbrick, Limits of Record Search and Therefore of Notice, 93 U.Pa.L.Rev. 125, 178.

[2]The owners suggest that the original source of title was not the 1952 patent, but was the 1946 land sale contract, and contend that when patent issued it "related back" to the 1946 contract. The suggestion is meaningless since the 1946 contract was not placed on record. In any event, none of the cases cited by them for the "relation back" doctrine involves the issue with which we are here concerned.

advanced to support the judgment below, nor other contentions seeking to invalidate it.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.