[No 781.]

## ANNA J. GILSON, APPELLANT, *v.* JOHN BOSTON, RESPONDENT.

RIGHTS OF REDEMPTIONER—LESSEE.—Plaintiff purchased from B. the right of redemption to certain land, and redeemed the same from the purchaser at a foreclosure sale.   *Held*, that she is not entitled to the possession of the land against a lessee under a demise made subsequent to the mortgage.

IDEM.—After redeeming, plaintiff had the same estate in the land that B. had before the sale, and was as much bound by the lease as B. would have been.

LEASE.—WHEN IT NEED NOT BE IN WRITING.—A lease for a year need not be in writing, and the power to execute it need not be in writing. (1 C. L. 233.)

ACTUAL NOTICE.—PURCHASER IN GOOD FAITH.—Actual notice dispenses with constructive notice.   A purchaser with actual notice is not a purchaser in good faith of the estate previously conveyed.

APPEAL from the District Court of the Second Judicial District, Douglas County.

The facts are stated in the opinion.

*T. W. W. Davies,* for Appellant.

The plaintiff was entitled to the crops on the land not secured at the time the redemption time expired, as the defendant Boston went into possession after the foreclosure sale, and with full knowledge, actual and constructive, of the termination of the redemption time.   (Comp. Laws of Nevada, vol. 1, sections 228–252–255.   1 Hilliard on Mortgage, pp. 180–182, and note c. par. 5, p. 184; par. 18, pp. 193–7; par. 33–34, pp. 207–208, and p. 214.   Taylor's Landlord and Tenant, sec. 120; 2 Story Eq. sec. 1023, n.)

*Robert M. Clarke,* for Respondent.

By the Court, BEATTY, J.:

This is an action of ejectment, and the questions presented upon the appeal arise out of the following state of facts:

In December, 1872, Bollen, who was then the owner of the land in controversy, mortgaged it to Martens, and in November, 1873, leased it for four years to Lovejoy.   In

December, 1874, Martens foreclosed his mortgage, and on January 28, 1875, purchased the land at the foreclosure sale, acquiring all the estate Bollen had at the date of the mortgage. In January, 1875, and prior to the sale, Lovejoy assigned his lease to the defendant, Boston, who immediately took possession thereunder. Subsequently, the plaintiff, Anna Gilson, with notice either actual or constructive of all these facts, purchased Bollen's right of redemption, and before the expiration of the time for redemption redeemed the land from Martens, the purchaser at the foreclosure sale. She thereupon demanded possession of the land from Boston, who refused to surrender, and this action was commenced in September, 1875.

Upon a finding of the foregoing facts, among others, the district court gave judgment for the defendant, and subsequently overruled a motion for new trial. The plaintiff appeals from both the judgment and order, and in support of her appeal contends that on the 28th of July, 1875, when the time for redemption expired, she became entitled to all the estate in the land that Martens would have had if no redemption had been made, and, consequently, that she was entitled to the immediate possession against a lessee under a demise made subsequent to the mortgage. But in this position we think she is mistaken. As assignee of Bollen, and redeeming in his right, she stands in his shoes; and his position, as a redemptioner, is defined by the statute as follows: "If the debtor redeem at any time before the time for redemption expires, the effect of the sale shall be terminated, and he be restored to his estate." (Comp. L., end of sec. 1295.) So that the plaintiff, in this case, after redeeming had the same estate in the land that Bollen had before the sale; that is, she had the reversion after the expiration of Lovejoy's term, and was no more entitled to the possession, as against Lovejoy or his assignees, than Bollen would have been if there had never been a foreclosure or a sale.

But the appellant contends that Boston was not the assignee of Lovejoy, and that the evidence does not sustain that finding. The lease to Lovejoy contained a covenant

that he would not underlet the premises without the *written* consent of Bollen; and it was not shown that he consented *in writing* to the assignment, though he did consent orally. Without undertaking to decide what was the effect of the failure to procure this consent in writing, we think everything that the appellant claims, or can claim as resulting therefrom, may be conceded without bettering her case. Suppose the effect of the assignment without Bollen's written consent to have been a forfeiture of all the rights of the lessee. If so, the forfeiture accrued to Bollen before the foreclosure sale, and he afterwards leased the premises to Boston for the year 1875, and received the rent. Appellant, by her own admission, had notice of this lease and of Boston's possession thereunder before she purchased Bollen's right to redeem; and when she redeemed, she was as much bound by the lease as Bollen would have been.

It is not necessary to notice particularly all the arguments of counsel for appellant, based upon the assumption that she acquired by her redemption all the estate that was mortgaged. They are all disposed of by saying that she got only the estate that Bollen had when he sold his right of redemption.

There is nothing in the objection to Tebbs' want of authority to execute the lease from Bollen to Boston for the year 1875. A lease for a year need not be in writing, and the power to execute it need not be in writing. (C. L., sec. 283.) Neither is there any force in the objections to the failure to acknowledge and record the assignment of Lovejoy's lease. If the appellant, with actual and constructive knowledge of the lease, had any right to notice of the assignment, she had actual notice, and actual notice dispenses with constructive notice. It is only subsequent purchasers *in good faith* against whom unrecorded conveyances are void; and a purchaser with actual notice is not a purchaser *in good faith* of the estate previously conveyed.

The judgment and order appealed from are affirmed.