[No. 908.]

## CHRISTIAN MARTENS, Respondent, v. ANNA J. GILSON, Appellant.

STATEMENT—IDENTIFICATION OF DOCUMENTS.—The statement reads: "The agreed statement of facts, findings of the court, are hereby referred to, and made the statement on motion for new trial:" *Held*, that the fact that such papers were in the transcript entitled in this suit, the statement of facts signed by respective counsel, and findings of fact by the district judge and referred to as above, was a sufficient identification to authorize this court to examine them. (HAWLEY, C. J., dissenting.)

FORECLOSURE OF MORTGAGE—JUDGMENT FOR DEFICIENCY NOT A LIEN ON HOMESTEAD PROPERTY.—Where homestead property is sold under a fore-

closure of mortgage, and afterwards redeemed by the vendee of the mortgagor: *Held*, that the lien of the mortgage was satisfied by the sale and redemption of the property; that when the mortgage lien was satisfied the homestead rights attached, and that the judgment for the deficiency in the foreclosure suit did not create any lien against the real and beneficial estate in the land.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*T. W. W. Davies*, for Appellant.

Under the laws of this state (secs. 233–35 of the Civ. Pr. Act, 234, Stat. 1869) the unsatisfied judgment under which the sale was made is expressly excepted from payment by a redemptioner. This matter is discussed in 1 Hill. on Mort. 407, par. 3 *et seq.;* 2 Id. 278, 501; see also, Herman on Executions, secs. 141, 142. (1 Hill. Mort. par. 33, 407.)

*R. M. Clarke*, for Respondent.

I. The agreed statement of facts and the findings of the court are not contained in the statement on motion for new trial, nor authenticated as required by the statute. (Civ. Pr. Act, 197; *White* v. *White*, 6 Nev. 20; 31 Cal. 657.)

II. The judgment of Martens was a lien upon the land in question from the time it was docketed. (Civ. Pr. Act, sec. 248.) The mortgage did not pass the title to the mortgagee, nor did the title pass to Martens under the foreclosure proceedings at all, but remained in Bollen subject to the lien of the judgment. And in purchasing Bollen's title, Gilson took it charged with the lien of the judgment. (*Mc-Millan* v. *Richards*, 9 Cal. 365.)

By the Court, HAWLEY, C. J.:

Respondent moves to strike out the agreed statement of facts and the findings of facts by the court, as inserted in the transcript, upon the ground that they are not embodied in the statement on motion for a new trial, nor authenticated or identified, as required by section 197 of the civil practice act.

The statement on motion for a new trial reads as follows: "The * * * agreed statement of facts, findings of the court, are hereby referred to and made the statement on motion for new trial."

The transcript contains certain loose papers which purport to be an agreed statement of facts, signed by the respective counsel, and a finding of facts, signed by the district judge. I am of opinion that these papers ought to have been included in the statement; or that the judge should have designated them "as having been read or referred to" on the motion for new trial (Civil Practice act, sec. 197), but in the judgment of a majority of the members of this court, the fact that they are entitled in this suit, signed as above stated, and referred to in the statement on motion for new trial, which is certified to as correct by the respective attorneys, is a sufficient identification to authorize this court to examine them. The motion to strike out is denied.

The facts relative to the merits are as follows: One Bollen being the owner of certain lands in Douglas county, mortgaged the same to the plaintiff Martens. The mortgage was foreclosed, and Martens became the purchaser of the property for a less sum than was named in the decree of foreclosure, and a judgment in his favor was regularly docketed for the amount of the deficiency. Subsequently Bollen sold and conveyed his equity of redemption to one Johnson, and thereafter Johnson sold and conveyed the same to the defendant Gilson. Within six months after the sale in the foreclosure suit, defendant Gilson redeemed the property by paying to the sheriff of Douglas county the amount for which the property was sold to the plaintiff, with interest, costs and percentage as required by law. Two days thereafter, the plaintiff Martens caused an execution to be levied under his deficiency judgment, and the property was sold under this execution, and the plaintiff became the purchaser. Having obtained a sheriff's deed for said property under such sale, he claims to be the owner of the property.

At the time of the execution of the mortgage by Bollen and wife to Martens, the property mortgaged was held as a homestead. A declaration of homestead was filed, and no declaration of abandonment was ever executed.

Conceding, for the purposes of this decision, that the equity of redemption is the real and beneficial estate in the land, and that it may ordinarily be levied upon and sold under execution (*McMillan* v. *Richards*, 9 Cal. 365; *Alexander* v. *Greenwood*, 24 Id. 512; *Trimm* v. *Marsh*, 54 N. Y. 599), yet the fact remains that in this case the property mortgaged was claimed and properly held as a homestead. The mortgage lien against the homestead was satisfied by the sale and redemption of the property under the decree of foreclosure.  When the mortgage lien was satisfied the homestead right attached.  In such a case the judgment for the deficiency did not create any lien against the real and beneficial estate in the land, because the homestead rights had never been abandoned.

The defendant Gilson, by her purchase and redemption, obtained the same rights to which Bollen was entitled. "She stands in his shoes," and gets whatever estate Bollen had when he sold his right of redemption. (*Gilson* v. *Boston*, 11 Nev. 414.)

The judgment and order appealed from are reversed and the cause remanded, with instructions to the district court to enter a judgment, upon the agreed statement of facts, in favor of the defendant for her costs.