RALPH J. CRESCENT, Appellant, v. GILL WHITE, Also Known as GARLAND WHITE, and DOROTHY E. WHITE, Also Known as DOROTHY E. NORD, Respondents.

No. 7219

March 28, 1975                    533 P.2d 159

*Stokes & Eck, Ltd.,* and *F. Thomas Eck,* Carson City, for Appellant.

*Diehl, Recanzone, Evans & Smart* and *Mario G. Recanzone,* of Fallon, for Respondent, Dorothy E. White.

## OPINION

*Per Curiam:*

Appellant commenced this action to set aside, as a fraudulent conveyance under NRS 112.050, a certain deed executed by respondent Gill White to his wife, Dorothy E. White. The

district court, pursuant to NRCP 41(b), dismissed the complaint against Dorothy E. White. Appellant, contending the district court erred, asks us to reverse.

We do not reach the merits, if any, of the issues raised in the appeal. During oral argument the court, *sua sponte,* raised the question of appealability of the judgment, because of appellant's failure to comply with the requirement of NRCP 54(b).[1]

This court has repeatedly held that a judgment or order that fails to adjudicate all the claims and the rights and liabilities of the parties is not appealable, absent the express determination that there is no just reason for delay, as required by NRCP 54(b). See, for example, First Western Savings v. Steinberg & Clemens, 89 Nev. 582, 517 P.2d 793 (1973); King v. Baskin, 89 Nev. 290, 511 P.2d 115 (1973); Monsour v. Haddad, 87 Nev. 448, 488 P.2d 916 (1971). The express determination was neither requested nor made in this case; therefore, the judgment dismissing the complaint against Dorothy White is not appealable. Accordingly, we

ORDER this appeal dismissed, without prejudice to the rights of the parties after a final judgment is entered in the trial court. Cf. Illinois Tool Works, Inc. v. Brunsing, 378 F.2d 234 (9th Cir. 1967).[2]

---

[1]NRCP 54(b) reads in part: "When more than one claim for relief is presented . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action . . . and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[2]The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judge. J. Charles Thompson to participate in this case in lieu of Mr. Justice Batjer, who voluntarily disqualified.