RALPH J. CRESCENT, APPELLANT, *v.* GILL WHITE, ALSO KNOWN AS GARLAND WHITE, AND DOROTHY E. WHITE, ALSO KNOWN AS DOROTHY E. NORD, RESPONDENTS.

No. 8371

December 6, 1976                    556 P.2d 1265

*Stokes & Eck, Ltd.* and *F. Thomas Eck,* Carson City, for Appellant.

*Diehl, Recanzone & Evans,* Fallon, for Respondents.

---

## OPINION

*Per Curiam:*

Appellant, plaintiff below, commenced this action under the Uniform Fraudulent Conveyance Act, NRS 112.010 et seq., to set aside a conveyance of real property Gill White made to his wife, Dorothy White.[1]

At the conclusion of the plaintiff's case, the district court granted Dorothy White's motion to dismiss, pursuant to NRCP 41(b), because appellant failed to prove, as required by NRS 112.050, that Gill White was insolvent when the conveyance was made, or that the conveyance had rendered him insolvent.

Appellant subsequently obtained the determination required by NRCP 54(b) and perfected this appeal.

The thrust of appellant's argument suggests that, if we utilize the well-recognized rule which requires husband-wife transactions to be viewed with suspicion in order to prevent fraud on creditors, we must find he presented sufficient evidence to establish that Gill White was insolvent.

Although we agree the Uniform Fraudulent Conveyance Act requires husband-wife transactions be closely scrutinized (Mohar v. McLelland Lumber Company, 501 P.2d 722, 726 (Ida. 1972)), we are not here persuaded appellant's evidence was sufficient to warrant a finding that the challenged conveyance was fraudulent within the meaning of NRS 112.050.[2] Cf. Miller v. Keegan, 207 P.2d 1073 (Cal.App. 1949). Accord-

---

[1]The parties were permitted to submit this appeal on the record and briefs filed in Crescent v. White, 91 Nev. 209, 533 P.2d 159 (1975).

[2]The statute provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

ingly, we affirm.[3] See also, Alves v. Bumguardner, 91 Nev. 799, 544 P.2d 436 (1975).

[3]Mr. Justice Batjer, having voluntarily disqualified himself, did not participate in the resolution of this appeal.