GEORGE KECK AND JOHN SAVACHECK, APPELLANTS, v. DONALD PECKHAM, WASHOE COUNTY ASSES-SOR; DEPARTMENT OF MOTOR VEHICLES; AND GENEVIEVE PETERSON, RESPONDENTS.

No. 8905

December 1, 1977            571 P.2d 813

*William M. O'Mara,* Reno, for Appellants.

*Larry R. Hicks,* District Attorney, and *Larry D. Struve,* Chief Deputy District Attorney, Washoe County, for Respondent Donald Peckham, Washoe County Assessor.

*Robert List,* Attorney General, and *Cathy Valenta-Weise,* Deputy Attorney General, Carson City, for Respondent Department of Motor Vehicles.

*Gordon W. Rice,* Reno, for Respondent Genevieve Peterson.

## OPINION

By the Court, BATJER, C. J.:

Appellants commenced this action to set aside the tax sale of a mobile home which they owned jointly. Each of the respondents moved for and was granted summary judgment. Appellants contend that whether they received adequate notice of the tax sale was a genuine issue of material fact and, therefore, the district court erred in granting summary judgment. We agree.

On June 17, 1974, George Keck and John Savacheck purchased a mobile home from Mr. and Mrs. William Welch. The bill of sale and documents of title were immediately delivered to the Department of Motor Vehicles, which issued them a certificate of ownership.

On June 3, 1974, the Washoe County Assessor purportedly sent a tax statement to the Welches in the amount of $36.00. The bill was never paid and several more notices were alleged to have been sent to the Welches. No tax payment was ever received. Finally, on January 29, 1975, the Assessor sent the Welches a notice of intention to seize personal property to satisfy taxes. On February 4, 1975, that notice was returned to the Assessor with a notation that Mr. Welch had died and that Mrs. Welch was no longer residing at the address to which the notice had been sent. On March 7, 1975, the Assessor, pursuant to NRS 361.535, posted a notice of seizure in three public places and published a notice of sale of the mobile home in a newspaper of general circulation. This was done without attempting to locate Mrs. Welch or ascertain whether she was still in fact either the legal or registered owner, a

statutory duty imposed on the assessor by NRS 361.535(3).[1] At no time was a notice of taxes due, notice of seizure, or notice of sale given to either Savacheck or Keck. Nevertheless, on March 24, 1975, the Assessor conducted a public auction and sold the mobile home to respondent Peterson. Appellants then commenced this action seeking an order setting aside that sale and an order compelling return of their trailer.

1. Before addressing the central issue of notice, we first dispose of an ancillary issue regarding the timeliness of this appeal.

The three respondents each filed separate motions for summary judgment. The Department of Motor Vehicle's motion was granted on February 25, 1976; Assessor's motion was granted on March 31, 1976; and Peterson's was granted on May 25, 1976. Appellants filed their notice of appeal on June 3, 1976. Assessor contends appellants' notice of appeal was not timely because it was filed more than 30 days after the order granting his motion for summary judgment. However, Assessor's summary judgment failed "to adjudicate all the claims and the rights and liabilities of the parties [and] is not appealable, absent the express determination that there is no just reason for delay, as required by NRCP 54(b)." Crescent v. White, 91 Nev. 209, 210, 533 P.2d 159, 160 (1975). Here, there was no such determination; accordingly, appellants' notice of appeal filed nine days after entry of the judgment finally adjudicating the rights of all parties was timely. NRAP 4(a).

2. Summary judgment is appropriate only when it is clear what the truth is and there exists no genuine issue as to any material fact. Potter v. Mutual Benefit Life Ins. Co., 93 Nev. 90, 560 P.2d 914 (1977). "In deciding the propriety of the

---

[1]NRS 361.535(3) provides, in pertinent part:

"3. If the personal property seized by the county assessor or his deputy, consists of a mobile home, house trailer or boat, the county assessor shall publish a notice of such seizure once during each of 2 successive weeks in a newspaper of general circulation in the county. If the legal owner of such property is someone other than the registered owner and the name and address of the legal owner can be ascertained from the records of the department of motor vehicles, the county assessor shall, prior to such publication, send a copy of such notice by registered or certified mail to such legal owner."

summary judgment, we must review the evidence most favorable to the party against whom summary judgment was granted and give that party the benefit of all favorable inferences that may be drawn from the subsidiary facts." Lipshie v. Tracy Investment Co., 93 Nev. 370, 375, 566 P.2d 819, 822 (1977).

As regards the Department of Motor Vehicles, the record indicates, and appellants have conceded, that there is no genuine dispute as to any material fact; therefore, summary judgment was proper as to that respondent.

However, the record manifests a genuine dispute as to whether the Assessor had given appellants notice of the tax sale which was "reasonably calculated, under all the circumstances, to apprise [appellants] of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 314 (1950). *Accord,* Swartz v. Adams, 93 Nev. 240, 563 P.2d 74 (1977). Accordingly, summary judgment in favor of Assessor must be reversed and this cause remanded for further proceedings.

In addition, since Peterson's rights and liabilities are predicated upon the propriety of the Assessor's conduct, summary judgment as to her must also be reversed and remanded.

MOWBRAY, THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.