ROUND HILL GENERAL IMPROVEMENT DISTRICT, A QUASI-MUNICIPAL CORPORATION, APPELLANT, v. B-NEVA, INC., A NEVADA CORPORATION, AND STEPHEN H. BOURNE AND NORMA BOURNE, INDIVIDUALLY, RESPONDENTS.

No. 10295

February 8, 1980                         606 P.2d 176

*Rahbeck, McMorris, Susich & Kolvet,* Minden, for Appellant.

*Stephens & Kosach,* Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

Appellant filed suit for foreclosure on certain properties. The district court granted a motion for summary judgment upon the doctrine of *res judicata,* after it had found the claims asserted in the instant action were identical to those raised in Round Hill General Improvement District, plaintiff, vs. B-Neva, Inc., et al., defendants, and B-Neva, Inc., et al., cross-claimants, vs. Northwestern Mutual Life Insurance Company, et al., cross-defendants, In the First Judicial District Court of the State of Nevada, in and for the County of Douglas, Case No. 5101, hereinafter referred to as No. 5101; and B-Neva, Inc., et al., vs. Round Hill General Improvement District, In the First Judicial District Court of the State of Nevada, in and for the County of Douglas, Case No. 6207, hereinafter referred to as No. 6207, wherein the parties filed a stipulation for judgment which among other things provided for dismissal with prejudice.

For the reason recited below, we reverse the judgment of the district court.

Appellant contends that *res judicata* is incorrectly applied here because certain matters were not litigated nor decided in Case No. 5101 and Case No. 6207, and that it did not intend to

preclude its present action by its stipulation in those cases. Appellant further maintains that its claim in the instant action accrued subsequent to settlement of those cases.

Initially, we note that upon the question of the propriety of a summary judgment and whether genuine issues of fact have been created by the pleadings or proof offered, we must accept as true the allegations and reasonable inferences favorable to the position of appellant. Berge v. Fredericks, 95 Nev. 183, 591 P.2d 246 (1979).

We have held that "the party pleading a former judgment as a bar to the present action must assume the burden of proving, if the fact does not appear from the record, that the subject matter or cause of action in the former suit was identical with that now in suit". Sweet v. Sweet, 49 Nev. 254, 259, 243 P. 817, 818 (1926). Here we find that there remain genuine issues of fact, both as to the identity of the subject property in the instant and former suits, and as to the identity of the causes of action.

In its decision, the trial court found that the parcels of property affected in Case No. 5101 and the instant case were the same. In the stipulation of judgment filed in Cases 5101 and 6207, however, appellant agreed to release all liens for assessments on property held in the name of B-Neva, Inc. and Nevada Allied Industries, Inc. which was designated as general forest and general commercial. Appellant has disputed the contention that all of the property which is the subject of the instant action is included in the designation of general forest and general commercial. Taking the allegations of appellant as true precludes a finding that the entire subject matter of the suits is identical. Therefore, a genuine issue of material fact exists regarding the identity of the subject matter in the former and present suits.

In response to appellant's claims, respondents contend that because appellant requested an acceleration of all assessments in Case No. 5101, that the doctrine of *res judicata* precludes appellant from claiming delinquent assessments in this action when the stipulation provided that all such claims were to be dismissed with prejudice. Appellant, on the other hand, contends that its present claims are based upon new delinquencies, arising after the entry of judgment in Case Nos. 5101 and 6207. "The true test of identity of 'causes of action,' as that term is

used in connection with the plea of former adjudication, is the identity of the facts essential to their maintenance . . . . The authorities agree that when the same evidence supports both the present and the former cause of action, the two causes of action are identical . . . ." Silverman v. Silverman, 52 Nev. 152, 169–70, 283 P. 593, 598 (1930) (Coleman, J., concurring). Thus, if appellant's claim is based upon evidence of new and independent delinquencies, there can be no such identity. Where claims arise at different times out of the same transaction, a judgment as to one or more of such claims is no bar to a subsequent action on the claims arising thereafter. Albuquerque Broadcasting Co. v. Bureau of Revenue, 216 P2d. 698 (N.M. 1950).

Reversed and remanded for further proceedings not inconsistent with this opinion.

MOWBRAY, C. J., and THOMPSON and GUNDERSON, JJ., and FONDI, D. J.,[1] concur.