**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOBBI JO DOCKINS, | No. 13-15133 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00907-KJD-CWH |
| v. | |
| AMERICAN FAMILY FINANCIAL SERVICES, INC., American Family Mutual Insurance Company, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted March 12, 2015
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

Appellant Bobbi Jo Dockins appeals the district court's order granting

summary judgment to Appellees American Family Financial Services, Inc., and

American Family Mutual Insurance Company.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Proof that Dockins is legally entitled to recover from Allen Jackson Lynn is a necessary element of her claims against Appellees for breach of contract and breach of the covenant of good faith and fair dealing for denying Dockins's demand for underinsured motorist ("UIM") coverage pursuant to the insurance policy she had with Appellees. Dockins's state tort suit against Lynn was dismissed as a discovery sanction. The district court held that Nevada's claim preclusion doctrine bars Dockins from establishing that she is legally entitled to recover from Lynn.

We reverse.

Federal courts sitting in diversity "determine the preclusive effect of a state court judgment by applying that state's preclusion principles." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (citing 28 U.S.C. § 1738).

"[F]or claim preclusion to apply [under Nevada law,] the following factors must be met: (1) the same parties or their privies are involved in both cases, (2) a valid final judgment has been entered, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 714 (Nev. 2008).

Claim preclusion does not bar Dockins from establishing Lynn's fault in this litigation because two of the three claim preclusion elements are not satisfied. The two suits involve neither the "same claims" nor the "same parties" under Nevada law. *Id.*

Dockins's claims in this case are not "the same claims" as those in the prior litigation under Nevada law. *Id.* "The Nevada test for identical causes of action is whether the sets of facts essential to maintain the two suits are the same." *Clements v. Airport Auth.*, 69 F.3d 321, 328 n.4 (9th Cir. 1995) (citing *In re Estate of Firsching*, 578 P.2d 321, 322 (Nev. 1978)). As the Nevada Supreme Court has explained, this means claim preclusion is only appropriate where "the entire subject matter of the suits is identical," *Round Hill Gen. Improvement Dist. v. B-Neva, Inc.*, 606 P.2d 176, 178 (Nev. 1980), or, in other words, where the later claim is "based upon an identical set of facts and could have been brought simultaneously" to the first. *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 262 P.3d 1135, 1139 (Nev. 2011).

While some facts are common to both cases, the entire subject matter of Dockins's present suit against Appellees is not identical to that of her suit against Lynn. Dockins's bad faith and breach of contract claims necessarily involve, at least in part, facts relating to Appellee's conduct occurring well after Dockins

3

brought suit against Lynn, for example, Appellees' conduct in denying her claim despite allegedly "recogniz[ing] . . . their liability, pursuant to [the insurance] contract," to pay Dockins. Indeed, Dockins's bad faith and breach of contract claims against Appellees did not ripen until they denied her demand for UIM benefits in September 2009, more than a year after her suit against Lynn was dismissed. *See Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) ("An insurer fails to act in good faith when it refuses 'without proper cause' to compensate the insured for a loss covered by the policy."). Dockins therefore could not "have . . . brought" her bad faith and breach of contract claims against Appellees "simultaneously" to her claims against Lynn in 2005. *G.C. Wallace, Inc.*, 262 P.3d at 1139. For that reason, and because the "the entire subject matter of the suits is [not] identical," *Round Hill*, 606 P.2d at 178, the claims are not "the same" for purposes of claim preclusion.

Claim preclusion does not apply for the further reason that the parties in this case are not the "same parties" as in the prior litigation. *Ruby*, 194 P.3d at 714. The "same parties" factor in Nevada requires that "the same parties or their privies are involved in both cases." *Id.*

The district court erroneously concluded that only Dockins need have been a party (or in privity with a party) to the prior litigation, rather than both Appellees

4

and Dockins. *Ruby*'s explication of the "same parties" element makes clear that both the party against whom claim preclusion is asserted *and* the party asserting claim preclusion must have been "involved" in the prior case or in privity with a party involved in the prior case. *Id.*

*Paradise Palms Community Association v. Paradise Homes*, 505 P.2d 596, 599 (Nev. 1973), holding that mutuality is not required for issue preclusion (also known as collateral estoppel), did not disturb the general rule in Nevada that mutuality is required for claim preclusion. As *Ruby* makes clear, claim preclusion continues to require that "the same parties or their privies are involved in both cases," 194 P.3d at 714, whereas issue preclusion requires only that "the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation," *id.* at 713 (quoting *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994)) (internal quotation marks omitted).

Appellees are not in privity with the defendant in the prior case, who was not their insured, nor were they a party to that litigation. For that reason as well, claim preclusion does not bar Dockins from bringing her claims against Appellees.

Because claim preclusion does not bar Dockins from bringing her present claims against Appellees or prevent her from establishing legal entitlement by proving Lynn's fault, summary judgment was inappropriate. We therefore reverse.

5

**REVERSED.**