# IN THE SUPREME COURT OF THE STATE OF NEVADA

TELEGRAPH RD TRUST,
Appellant,
vs.
BANK OF AMERICA, N.A.,
Respondent.

No. 67787

**FILED**

SEP 16 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment following a bench trial in a quiet title action.[1] Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

The district court determined that respondent was equitably subrogated to the rights of a previous lienholder, such that respondent held a security interest in the subject property equal to the amount of the previous lien. In applying the doctrine of equitable subrogation, the district court determined that appellant was not entitled to the protection of NRS 111.325 because appellant was not a bona fide purchaser.[2] *See Huntington v. Mila, Inc.*, 119 Nev. 355, 357, 75 P.3d 354, 356 (2003) ("A subsequent purchaser with notice, actual or constructive, of an interest in property superior to that which he is purchasing is not a purchaser in good faith, and is not entitled to the protection of the recording act."). The district court made express findings that appellant was not a bona fide

---

[1]We direct the clerk of this court to modify the caption on the docket for this case to conform with the caption on this order, which reflects that Recontrust Company, N.A. is not a party to this appeal.

[2]The district court based its analysis on sections 7.3(a)(2) and 7.6 of the Restatement (Third) of Property: Mortgages (1997). Because appellant has disavowed any potential applicability of section 7.6 in its reply brief, we consider only appellant's arguments relating to section 7.3(a)(2).

SUPREME COURT
OF
NEVADA

(O) 1947A

16-78388

purchaser because a review of the public records pertaining to the subject property would have shown that the homeowners had a history of refinancing their home loan and a history of not timely paying nominal bills, thereby putting appellant on inquiry notice that the property was encumbered by an unrecorded deed of trust.[3] *See Allison Steel Mfg. Co. v. Bentonite, Inc.*, 86 Nev. 494, 498, 471 P.2d 666, 668 (1970) ("A duty of inquiry is said to arise when the circumstances are such that a purchaser is in possession of facts which would lead a reasonable man in his position to make an investigation that would advise him of the existence of prior unrecorded rights." (quotation omitted)).

Appellant first contends that the documents recorded in the property's chain of title were not sufficient to give rise to a duty to inquire into the existence of an unrecorded deed of trust. We conclude that substantial evidence supports the district court's contrary conclusion. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (a district court's factual findings following a bench trial are reviewed for substantial evidence); *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 252-53, 277 P.3d 458, 462-63 (2012) (whether a party is put on inquiry notice is a question of fact); *cf. In re Weisman*, 5 F.3d 417, 421 (9th Cir. 1993)

---

[3]Appellant argues on appeal that a deed of trust executed by former homeowner Deborah Roots in 2013 was invalid because Ms. Roots had no ownership interest in the property at that time. This argument is misplaced because respondent's equitable subrogation argument at trial and the district court's treatment of that argument were based on the deed of trust that Ms. Roots executed in 2006 when she had an ownership interest in the property. Because appellant has not cogently argued on appeal that the 2006 deed of trust was not properly assigned to respondent, we do not address the potential significance of that issue. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

("Whether the circumstances are sufficient to require inquiry as to another's interest in property [for purposes of determining whether a party is a bona fide purchaser] is a question of fact, even where there is no dispute over the historical facts."). In particular, the district court found that "it was unlikely that the Roots would have paid off the New Century Loan by a means other than a new secured loan given the fact that they were apparently unable to timely pay their sewer, trash, and HOA assessments." Thus, while appellant's alternative explanation for the absence of a recorded deed of trust may have been reasonable, the district court's contrary conclusion was equally reasonable in light of the evidence introduced at trial. *See Weddell*, 128 Nev. at 94, 271 P.3d at 748 ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." (quotation omitted)).

Appellant next contends that even if it did have a duty of inquiry, respondents failed to produce evidence showing that such an inquiry would have revealed the existence of the 2006 unrecorded deed of trust. We conclude that this argument is misplaced, as it was appellant's burden to show that it made a "due investigation without discovering the prior right or title [appellant] was bound to investigate." *Berge v. Fredericks*, 95 Nev. 183, 190, 591 P.2d 246, 249 (1979). In other words, it was appellant's obligation to show that it made a due investigation and that the investigation did not reveal the existence of the unrecorded 2006 deed of trust. *Id.* Here, the district court found that appellant's search for only "open" recorded deeds of trust did not constitute a due investigation.[4]

---

[4]For this reason, appellant's reliance on *First Fidelity Thrift & Loan Ass'n v. Alliance Bank* is misplaced because in that case, the court determined that the lender *had* made a reasonable inquiry. 71 Cal. Rptr. 2d 295, 303 (Ct. App. 1998).

As the district court noted, "Importantly, Mr. Haddad [appellant's principal] never testified that he did not suspect that there was an unrecorded trust deed on the property [a]nd in fact . . . appeared to acknowledge . . . that it intentionally sought to *not* discover an unrecorded trust deed." These are findings that, in light of the numerous other recorded liens pertaining to the subject property, were supported by substantial evidence. *See Weddell*, 128 Nev. at 101, 271 P.3d at 748 (factual findings are reviewed for substantial evidence); *Berge*, 95 Nev. at 190, 591 P.2d at 249 ("The question whether [a putative bona fide purchaser] has made due inquiry is one of fact . . . ."). Thus, it is insufficient for appellant to speculate that contacting the former homeowners directly might not have actually revealed the existence of the 2006 unrecorded deed of trust. *Berge*, 95 Nev. at 190, 591 P.2d at 249. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Hon. Carolyn Ellsworth, District Judge
Eleissa C. Lavelle, Settlement Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Gerrard Cox & Larsen
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A