# IN THE SUPREME COURT OF THE STATE OF NEVADA

RLP-AMPUS PLACE, LLC, A NEVADA
SERIES LIMITED LIABILITY
COMPANY OF THE CONTAINER RED
LIZARD PRODUCTIONS, LLC, UNDER
NRS 86.296,
Appellant,
vs.
U.S. BANK, N.A., A NATIONAL
BANKING ASSOCIATION,
Respondent.

No. 71883



FILED

DEC 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant purchased the subject property for $6,600 at an HOA foreclosure sale. Appellant then instituted the underlying quiet title action. During discovery, respondent produced an appraisal showing that the property had a fair market value of $187,000 on the date of the sale. Other evidence revealed that the HOA's agent had not mailed respondent the notice of sale. Additional evidence showed that although the HOA's agent had mailed the notice of default and notice of sale to the subject property's address, both notices had been returned as unclaimed and that at least by the time the notice of sale was mailed, the HOA's agent had in its records an alternate address for the former homeowner, and that the HOA's agent did not mail the notice of sale to that address. Based on this evidence, and

17-44284

over appellant's assertion that it was a bona fide purchaser, the district court granted summary judgment in favor of respondent and set aside the sale. *Cf. Nationstar Mortg., LLC, v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, 405 P.3d 641 (2017) (reaffirming that although inadequate price alone is insufficient to set aside a foreclosure sale, a sale may be set aside if there is evidence of fraud, unfairness, or oppression and that a grossly inadequate price requires only slight evidence of fraud, unfairness, or oppression).

Appellant contends that the district court erred by refusing to afford conclusive effect to the recitals contained in appellant's deed. We disagree. In *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, this court rejected that same argument, reasoning that affording conclusive effect to such recitals "would be 'breathtakingly broad' and 'is probably legislatively unintended.'" 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1110 (2016) (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, *Real Estate Finance Law* § 7:22 (6th ed. 2014)). Rather, we explained that such deed recitals do not eliminate equitable relief and that the party challenging the sale must set forth grounds for such relief. *Id.* at 1110-12. As explained above, respondent came forth with evidence supporting such equitable relief, meaning the district court's refusal to give conclusive effect to the deed recitals was consistent with Nevada law.

Appellant next contends that the district court erred in refusing to recognize its status as a bona fide purchaser (BFP). We disagree, as the district court expressly found that appellant had failed to produce admissible evidence supporting this status. While we question the district court's apparent determination that BFP status in the context of an HOA

foreclosure sale is automatically defeated by virtue of a recorded deed of trust,[1] we nevertheless agree with the district court that a putative BFP must introduce *some* evidence to support its BFP status beyond simply claiming that status. *See Berge v. Fredericks*, 95 Nev. 183, 187, 591 P.2d 246, 248 (1979) (recognizing that the party asserting BFP status has the burden of establishing that status). Here, appellant failed to produce even an affidavit supporting its putative BFP status, meaning that there was no admissible evidence as to this issue. *See Wood,* 121 Nev. at 732, 121 P.3d at 1031 (explaining that while pleadings and evidence "must be construed in a light most favorable to the nonmoving party," the nonmoving party cannot rely on speculation or conjecture to avoid summary judgment being entered against it but instead "must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial" (quoting *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992))).

Appellant finally contends that the district court failed to balance the equities before rendering judgment in favor of respondent. Again, we disagree. The district court expressly determined that it would be inequitable to uphold the sale in light of the fact that the notice of sale was not mailed to the two parties that would have been most motivated to stop the sale. This is precisely the sort of balancing that this court observed was appropriate in *Shadow Wood*, 132 Nev., Adv. Op. 5, 366 P.3d at 1114. Although appellant argues that the equities weigh against respondent

---

[1]Respondent's reliance on *Telegraph Road Trust v. Bank of America, N.A.*, Docket No. 67787 (Order of Affirmance, Sept. 16, 2016), for this proposition is misplaced. Although not evident from this court's disposition, the HOA sale purchaser in that case conceded (for reasons unclear) that the HOA's foreclosed-upon lien was not superior to the bank's deed of trust. *Id.*

because it did nothing to stop the foreclosure sale, the district court determined that it could not conclude with any degree of confidence that respondent was aware of the sale before it took place. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Mark R. Denton, District Judge
Cooper Coons Ltd.
Gerrard Cox & Larsen
Eighth District Court Clerk